**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>            **v.**<br><br>CHRISTIAN MALENO-PÉREZ [1],<br><br>    **Defendant.** | **Criminal No.** 18-125 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Defendant Christian Maleno-Pérez ("Maleno") moves to compel the United States to "fulfill its duties in bargaining with [Maleno] under the authorized plea agreement, and allow [Maleno] to file his motion for change of plea under such terms." (Docket No. 74.) For the reasons set forth below, the Court **DENIES** Maleno's motion.

**I.  Background**

On March 1, 2018, a federal grand jury returned an indictment charging Maleno and defendant Rafael A. Gálvez-Vázquez ("Gálvez") (collectively, "defendants") with violating 21 U.S.C. sections 846 and 841(b)(1)(A).  (Docket No. 16.)  In December 2018, the United States extended a signed plea agreement and plea supplement to the defendants.  (Docket No. 63.)  On February 11, 2019, March 22, 2019, and May 13, 2019, Maleno requested extensions of time to

move for a change of plea hearing in order to continue with plea negotiations. (Docket Nos. 65, 68, 72.) The United States did not oppose Maleno's requests, and the Court granted Maleno's motions, ultimately allowing the defendants until May 20, 2019 to file motions for change of plea. (Docket Nos. 66, 68, 73.)

On May 14, 2019, the United States "unilaterally withdrew the plea agreement tendered, without prior notice." (Docket No. 74 at p. 3.) According to the United States, the "same plea agreement/supplement remained standing and available to both defendants until the new change of plea deadline of May 20, 2019, but this time as a package deal plea." (Docket No. 82 at p. 4.) "[T]he Government informed defense counsels [sic] that the same terms and conditions remained in place if both defendants decided to enter a guilty plea either as a straight plea or pursuant to the plea agreement." Id.[1]

On May 17, 2019, Maleno moved "to compel the Government to fulfill its duties in bargaining with defendant under the authorized plea agreement and allow defendant to file his motion for change of plea under such terms by May 20, 2019, the date set by the Court." (Docket No. 74 at p. 4.) Maleno contends that "[t]he plea agreement had no deadline, and the Government

---

[1] According to the United States, counsel for Gálvez notified the United States earlier on May 14, 2019 that "his client would stand trial." (Docket No. 82 at p. 4.)

established no deadline outside the plea agreement." Id. According to Maleno, the "Government did not object to [the] Court's deadlines for change of plea, as plea negotiations were ongoing," and "[t]hroughout plea negotiations, verbally and in writing the Government was advised that defendant Maleno was not going to trial." Id.

## II.  Legal Standard

Plea agreements are "subject to contract principles." United States v. Papaleo, 853 F.2d 16, 19 (1st Cir. 1988) (citing cases). Absent explicit promissory language of bilateral promises, a plea agreement is "no more than an offer by the government: if the defendant pleads guilty and if that plea is accepted by the court, then the government will perform as stipulated in the agreement." Id. at 20; see United States v. Díaz-Colón, 794 F. Supp. 2d 353, 354 (D.P.R. 2011) (Besosa, J.) ("Like the plea agreement at issue in Papaleo, the plea agreement between defendant Díaz and the government did not contain bilateral promises or an explicit promise by Díaz to do anything—thus, it must be construed as an offer by the government for a unilateral contract."). "Therefore, until the defendant actually performs by entering his change of plea and the Court accepts such plea, either party, including the government, is free to withdraw from the plea agreement." Díaz-Colón, 794 F. Supp. 2d at 354 (citing Papaleo, 853 F.2d at 20; In

re People of Virgin Islands, 51 V.I. 374, 388 (2009) ("[A] plea agreement, as a unilateral contract, cannot become binding on the parties through the defendant's mere promise of performance but by the defendant's actual performance—a change of plea to guilty.")).

**III. Discussion**

Because there is no evidence that the plea agreement between the United States and Maleno involved explicit promissory language of bilateral promises, the plea agreement is "no more than an offer by the government" for a "unilateral contract." Papaleo, 853 F.2d at 20; Díaz-Colón, 794 F. Supp. 2d at 354. Until Maleno "actually performs by entering his change of plea and the Court accepts such plea, either party, including the government, is free to withdraw from the plea agreement." Díaz-Colón, 794 F. Supp. 2d at 354 (citing Papaleo, 853 F.2d at 20; In re People of Virgin Islands, 51 V.I. at 388). Maleno has not changed his plea, nor has the plea agreement been adopted by the Court. Accordingly, the United States is free to withdraw the plea agreement. See Papaleo, 853 F.2d at 20; Díaz-Colón, 794 F. Supp. 2d at 354.

Maleno's constitutional arguments are unavailing. While "the process of plea bargaining in and of itself" is "an essential component of the administration of justice," plea bargaining is "without constitutional significance." Díaz-Colón, 794 F. Supp. 2d at 355 (citing Mabry v. Johnson, 467 U.S. 504, 507 (1984);

Santobello v. New York, 404 U.S. 257, 260 (1971)). The United States' withdrawal of a plea agreement, "until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." Mabry, 467 U.S. at 507. "[T]he mere fact that the parties were in negotiations of a plea agreement, without actual performance by defendant, does not create a 'constitutional right to have that bargain enforced.'" Díaz-Colón, 794 F. Supp. 2d at 355 (citing Papaleo, 853 F.2d at 19).[2] Because Maleno did not perform by changing his plea to guilty and the Court did not approve any such plea, the United States did not violate Maleno's constitutional or contractual rights by withdrawing its offer for a unilateral contract. See Díaz-Colón, 794 F. Supp. 2d at 355.

**IV. Conclusion**

For the reasons set forth above, Maleno's motion to compel the United States to "fulfill its duties in bargaining with [Maleno] under the authorized plea agreement, and allow [Maleno]

---

[2] But see Díaz-Colón, 794 F. Supp. 2d at 355 (quoting Papaleo, 853 F.2d at 18) ("An exception to this general rule that could make a promise by the government enforceable before the entry of a guilty plea is if 'the defendant detrimentally relies upon the government's promise.'"). Maleno, however, alleges no detrimental reliance on the United States' plea agreement, and the Court finds no such reliance to exist. See Papaleo, 853 F.2d at 18-19 (finding that where the defendant "did not enter a guilty plea, did not forgo a jury trial on any charge, and did not otherwise detrimentally rely on the government's promise to drop two charges," he was "in no worse position than if no offer had ever been made by the government").

to file his motion for change of plea under such terms" is **DENIED**. (Docket No. 74.)

Because defendant Rafael A. Gálvez-Vázquez is a fugitive, the government is now free to offer defendant Maleno the plea agreement originally offered.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 10, 2019.

s/ Francisco A. Besosa  
FRANCISCO A. BESOSA  
UNITED STATES DISTRICT JUDGE